**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 08-20424-CIV-UNGARO/SIMONTON**

**PREFERRED CARE PARTNERS HOLDING CORP., et al.,**

**Plaintiffs,**

**v.**

**HUMANA, INC.,**

**Defendant.**
**________________________________/**

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL DISCOVERY**

**Presently pending before the Court is Defendant's Motion to Compel (DE # 84). This motion is fully briefed (DE ## 87-88) and referred to the undersigned Magistrate Judge (DE # 85). Based upon a careful review of the record and for the reasons stated herein, Defendant's motion is GRANTED.**

**I. BACKGROUND**

**In this lawsuit, Plaintiffs, Preferred Care Partners Holding Corp. and Preferred Care Partners, Inc. (collectively "PCP"), allege that Defendant, Humana, Inc., is one of its competitors, and that Humana initiated negotiations to purchase PCP as a ruse to destroy PCP's business and steal its contracts with health care providers and patients. According to PCP, one way that Humana harmed its business was by leaking rumors concerning the confidential negotiations in order to create the false impression among PCP members that PCP's continued viability was threatened, causing those members to flee and to sign new contracts with Humana (DE # 53).**

**Humana insists that this allegation is not supported by the evidence, which shows that the providers and members who terminated their relationships with PCP**

**were driven by motivations that had nothing to do with any alleged rumors concerning a sale of PCP's business to Humana. Based on prior discovery, Humana is able to identify the names of 27 PCP members that were identified as having contacted PCP either to complain that a competitor of PCP improperly solicited their business or to inquire about an impending purchase of PCP by Humana. Thus, Humana propounded an interrogatory asking for the phone numbers and addresses of those 27 individuals for the purpose of questioning, and possibly deposing, them about matters relating to PCP's allegation that Humana disseminated false information regarding PCP (DE # 84 at 1-2).**

**PCP contends that these individuals are Medicare Seniors and that the information requested by Humana consists of confidential "protected health information" under the Health Insurance Portability and Accountability Act ("HIPAA") and Florida law. Thus, although PCP "do[es] not oppose the discovery sought by Humana," it recommends the appointment of "a Special Master for the purpose of contacting the twenty-seven Medicare Seniors, issuing subpoenas and supervising their depositions" (DE # 87 at 1-3).**

**Humana replies that the contact information it seeks is not protected health information, because it does not include any medical records. Moreover, Humana adds, "[i]t has no intention of asking any questions of such witnesses concerning medical conditions or treatment" (DE # 88 at 2-3). Therefore, Humana insists that a Special Master is unnecessary and cannot be appointed under the Federal Rules of Procedure. Humana agrees, however, that it will not object to the appointment of a Special Master "so long as Plaintiffs bear the <u>entire cost</u> of the enterprise" (DE # 88).**

**Finally, PCP does not object to Humana's request for "additional time beyond the discovery cutoff to complete these depositions" (DE # 84 at 4; DE # 87 at 3 n.5). The**

discovery deadline is presently set to expire on November 17, 2008 (DE # 66).

II. ANALYSIS

At the outset, there is no dispute that the deposition testimony at issue here is relevant to PCP's claim that Humana stole its members by leaking rumors of an impending sale (DE # 87 at 1; DE # 88 at 1-2). The only question is whether the information at issue is deserving of protection under HIPAA and state law; and, if so, the appropriate means of protecting it.

The undersigned concludes that neither HIPAA nor state law shields the names and addresses of the PCP members that are the focus of this dispute.[1]

First, HIPAA regulations do not limit Humana's ability to obtain the contact information of the 27 PCP members named in the interrogatory. Pursuant to the definitions set forth in the Code of Federal Regulations, "Individually identifiable health information" that is deserving of HIPAA protection "is a subset of health information," which, in turn, is defined as "any information . . . that [r]elates to the past, present, or future physical or mental health condition of an individual; the provision of health care to an individual; or the past, present or future payment for the provision of health care to an individual." 45 C.F.R. § 160.03 (2007).[2] Producing the contact information of PCP members for the purpose of asking them whether they disenrolled from PCP due to rumors of a possible sale to Humana does not relate to any medical care that may have

[1] Even if these statutes applied, the undersigned would find good cause to order the production of this information since it is central to the issues presented in this case.

[2] The undersigned notes that PCP's confusion in this regard likely stems from the fact that it relied on a summary of the relevant CFR provisions that can be found on the website for the Department of Health and Human Services, rather than the CFR itself (DE # 87 at 4) (citing United States Dept. of Health & Human Servs., Summary of the HIPPA Privacy Rule, at http://www.hhs.gov/ocr/privacysummary.pdf).

been provided to those individuals, nor the payment of such medical care. As such, it is not "health information" or "individually identifying health information" that is subject to the strictures of HIPAA for the purposes of this discovery dispute.

Similarly, the information is not protected under Florida state law. Pursuant to Fla. Stat. § 395.3025(4), "[p]atient records are confidential and must not be disclosed without the consent of the person to whom they pertain, but appropriate disclosure may be made without such consent . . . upon the issuance of a subpoena from a court of competent jurisdiction and proper notice by the party seeking such records to the patient or his or her legal representative." Fla. Stat. § 395.3025(4). However, the addresses and phone numbers of the 27 PCP members at issue here do not qualify as "medical records" under Florida law because they do not relate to patient care. *See* Fla. Stat. § 395.3015.

This Court's authority to appoint a Special Master is circumscribed by Federal Rule of Civil Procedure 53, which states:

> Unless a statute provides otherwise, a court may appoint a master only to:
> (A) perform duties consented to by the parties;
> (B) hold trial proceedings and make or recommend findings of facts on issues to be decided without a jury if appointment is warranted by:
> (i) some exceptional condition; or
> (ii) the need to perform an accounting or resolve a difficult computation of damages; or
> (C) address pretrial and post trial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

Fed. R. Civ. P. 53. Clearly, none of these circumstances are present here. First, Humana does not consent to the appointment of a Special Master. Second, this discovery dispute does not concern trial proceedings or necessitate fact-finding; nor are there any exceptional conditions or damage calculations at play. Third, there is no need for a

**Special Master to supervise the discovery sought by Humana.  For the reasons stated above, PCP is permitted to produce the phone numbers and addresses of the 27 individuals that Humana seeks to depose directly to Humana, without the need for an intermediary.  In addition, there is no need to appoint a Special Master to preside over any depositions that may take place because the private health information of those individuals is irrelevant to this action and the appropriate district and magistrate judges are available to protect those individuals' privacy rights in the unlikely event that any deposition strays into matters involving confidential patient data.**

**Since the parties have agreed that the deposition may occur after the expiration of the discovery deadline, as permitted under Section I.E of the Discovery Practices Handbook, there is no need to address the formal extension of that deadline.  Therefore, the issue of a formal extension of a formal extension of the discovery deadline need not be addressed at the present time.**

**Finally, based upon a review of the record as a whole, the undersigned finds that the imposition of attorneys' fees against any party is inappropriate at the present time.  It is, accordingly,**

**ORDERED AND ADJUDGED that Defendant's Motion to Compel (DE # 84) is GRANTED.  On or before November 18, 2008, Plaintiffs shall respond to Humana's interrogatory requesting the addresses and phone numbers of the 27 PCP members identified as having contacted PCP to complain of alleged improper solicitations by**

**other HMO plans, or to inquire about alleged rumors concerning the health of PCP's business.**

**DONE AND ORDERED in chambers, in Miami, Florida on November 14, 2008.**

**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:**
**The Honorable Ursula Ungaro, United States District Judge**
**All counsel of record**