UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20424-CIV-UNGARO/SIMONTON

PREFERRED CARE PARTNERS
HOLDING CORP., et al.,

    Plaintiffs,

v.

HUMANA, INC.,

    Defendant.
    _____/

**ORDER DENYING DEFENDANT'S MOTION TO DISQUALIFY COUNSEL**

Presently pending before the Court is Defendant's Motion to Strike Plaintiffs' Use of Inadvertently Produced Emails and to Disqualify Counsel (DE # 162). This motion is fully briefed (DE ## 183, 192) and referred to the undersigned Magistrate Judge (DE # 171). A hearing was held before the undersigned Magistrate Judge on April 3, 2009. Based upon a review of the record as a whole, including the arguments of counsel at the hearing, Defendant's motion to disqualify counsel is DENIED. The motion to strike is moot based upon the previous entry of an Order which granted that relief in connection with motions to determine whether various documents were protected by the attorney-client privilege (DE # 198).

    I.    **BACKGROUND**

Plaintiffs Preferred Care Partners Holding Corp. and Preferred Care Partners, Inc. (collectively, "PCP") brought this action against Defendant Humana, Inc. to recover damages that it alleges resulted from unsuccessful negotiations to sell PCP to Humana. The jurisdiction of this Court is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. According to the Amended Complaint, PCP operates a health plan with a

Medicare Advantage Contract which puts them in direct competition with Defendant Humana, Inc. ("Humana").  In 2007, the parties began negotiating a sale of PCP to Humana; and, as part of the due diligence process, PCP permitted Humana to view its sensitive proprietary information ("due diligence information") under the terms of a Confidentiality Agreement.

After the negotiations failed, PCP alleges, Humana breached the Confidentiality Agreement by, *inter alia*, using the due diligence information to compete with PCP; disclosing the due diligence information to third parties; representing to the public that a sale of PCP to Humana was imminent; using the due diligence information to target and poach PCP's physician providers and their patients; and failing to destroy all of the due diligence information at the close of the negotiations (Count I).  In addition,  PCP sought specific performance and injunctive relief to prevent Humana from using the due diligence information to compete with PCP; disclosing the due diligence information to third parties; disclosing the fact that PCP and Humana discussed a sale; contacting PCP's providers or members; and, to require Humana to destroy all of the due diligence information in its possession (Count II).  PCP also sued Humana for monetary damages (Count III) and injunctive relief (Count IV) under the Florida Trade Secrets Act, Fla. Stat. §§ 688.001-688.009, as well as for tortious interference with advantageous business relationships (Count V) and breach of fiduciary duty (Count VI) (DE # 90).

This motion to disqualify is related to two recent Orders of this Court, namely the Order Regarding Documents Submitted for *In Camera* Review (DE # 198) and the Order Granting in Part and Denying in Part Plaintiff's Motion for Sanctions (DE # 199).

In short, approximately two months after the expiration of the discovery period, Humana employees found over 10,000 pages of due diligence documents on their

computers that should have been destroyed under the terms of the Confidentiality Agreement governing the proposed sale of PCP to Humana. Thus, Humana's lawyers instructed the employees to print copies of those documents so they could be produced to PCP and to delete the electronic versions of those documents that remained on their computers. PCP filed its motion for sanctions on the grounds that the deletion of the emails (the so-called "print and purge scheme") inappropriately destroyed evidence relevant to its claims against Humana; and, that the concomitant untimely production of over 10,000 pages of documents (the so-called "document dump") was either an intentional effort to sandbag PCP on the eve of trial or at least was the result of Humana's grossly negligent execution of its discovery obligations.

After Humana untimely produced over 10,000 pages of documents, the parties disputed whether some of those documents were subject to a claim of attorney-client privilege and, if so, whether the privilege had been waived by Humana's disclosure of them to PCP. Thus, Plaintiff filed a motion for *in camera* review to determine the applicability of the attorney-client privilege as to a series of documents produced by Humana; and, Humana filed a cross-motion as to an additional document not included in PCP's motion for *in camera* review.

Humana's instant motion to strike PCP's use of inadvertently produced emails and to disqualify PCP's counsel is based on Humana's claim that PCP's counsel acted inappropriately by analyzing and using arguably privileged documents in its motion for sanctions, without allowing the Court the opportunity to rule on the motions for *in camera* review and determine whether the documents were privileged. The four emails at issue were all produced as part of Humana's January 15, 2009 supplemental production of documents and are referred to herein as the "Wilson Email," the "Print and

Purge Email," the "50/50 Email" and the "Valuation Email."

## II. RELEVANT FACTUAL HISTORY

The facts of this case are set forth in more detail in this Court's recently-filed companion Orders. As it pertains to the instant motion to strike and disqualify counsel, the undersigned sets forth the following salient facts:

Pursuant to the District Court's Scheduling Order, the discovery period in this case expired on November 17, 2008 (DE # 66).

Humana asserts that its employees believed that they had deleted all emails containing due diligence information in accordance with the Confidentiality Agreement governing due diligence; and Humana's counsel believed that Humana had fully complied with its discovery obligations (DE # 163, Ex. B). However, in approximately November 2008, Humana and its attorneys learned that, although the emails had been deleted, many of the employees accidentally retained copies of the emails within folders in their computers of which they were previously unaware.

Humana's trial counsel, Andrew S. Berman, averred in an Affidavit that he first learned that these emails could be retrieved on December 10, 2008; and, immediately issued a directive to relevant employees, ordering them to review their computers for due diligence information, send a printed copy of any information found on their computers to Humana's counsel and, finally, delete the information from their computers. Humana asserts that it made a good-faith effort to mitigate its technical breach of the Confidentiality Agreement by removing the confidential data from the hands of individual employees dispersed throughout the country, while, at the same time, complying with its obligation to preserve documents relevant to litigation by printing the documents prior to deletion and sending them to counsel to be consolidated

**and turned over to PCP's attorneys (DE # 163 at 8-9 & Ex. B).**[1]

**Beginning on December 10, 2008, Humana employees performed a renewed search; beginning on December 22, 2008, Humana's attorneys performed an expedited review of the documents; and, after the documents were processed, Humana finally delivered approximately 10,000 pages of documents to PCP on January 15, 2009 (DE # 163, Ex. B).**

**PCP's counsel began reviewing the documents immediately; and, according to the proffer of PCP's counsel at the April 3, 2009 hearing, on January 18, 2009, PCP's counsel received Humana's privilege log.**

**Humana then reviewed the documents it produced to PCP; and, as a result of this review, on January 26, 2009, Humana requested the return of the "Wilson Email" (DE # 162, Ex. 10),**[2] **claiming that it was a privileged attorney-client communication and that it was inadvertently produced.  In addition, on February 6, 2009, Humana requested the return of the "Print and Purge Email" (DE # 162, Ex. 12).**

**On February 5, 2009, in response to Humana's request for the return of the Wilson Email, as well as an additional document that was inadvertently produced despite being privileged, PCP's counsel advised Humana that it "segregated those documents from Humana's production and placed them in a safe location," but that it intended "to submit**

---

[1]  Humana takes the position that the "printing and deleting of this electronically-stored information did not result in the destruction of *any* responsive documents, the total universe of which has been produced to [PCP] in paper form (or its equivalent) and has been preserved in its 'native' electronic format on Humana's long term storage system" (DE # 163 at 8-9).

[2]  Humana notes that this email was identified as items no. 6 and 10 on its January 15, 2009 privilege log (DE # 162, Ex. 8).

5

the documents to the Court for *in camera* review" (Deft.'s Disqualify Appx. 11).[3]

On February 17, 2009, PCP filed its motion for sanctions. In that motion, PCP cited portions of the Wilson Email, as well as the Print and Purge Email, while noting that it redacted the attorney communications contained therein and intended to submit the documents for *in camera* review based on Humana's belated assertion of the attorney client privilege as to those two documents (DE # 153 at 4 n.10; DE # 153 at 12 n.12).[4]

PCP's motion for sanctions also cited the 50/50 Email (DE # 153 at 13 n.59) and the Valuation Email (DE # 153 at 9 n.9).

On February 19, 2009, Humana requested the return of the 50/50 Email, claiming that it was subject to the attorney-client privilege and that it was inadvertently disclosed to PCP (DE # 162, Ex. 13).

Finally, on March 4, 2009, Humana requested the return of the Valuation Email, claiming that it was subject to the attorney-client privilege and inadvertently disclosed to PCP (DE # 162, Ex. 14).

Thus, based on the above timeline, Humana had notified PCP that it believed the Wilson Email and the Print and Purge Email were privileged and inadvertently produced <u>before</u> PCP cited portions of those documents in its motion for sanctions. Humana

---

[3] References to the Sealed Appendix submitted in support of this motion are referred to by using the abbreviation "Deft.'s Disqualify Appx." followed by the exhibit number.

[4] PCP filed its motion for *in camera* review of the Wilson Email, the Print and Purge Email and the 50/50 Email, as well as the documents bates stamped HUMANA SUPP 004080-004081 and HUMANA SUPP 009980 on February 26, 2009 (DE # 158). Humana responded and filed its motion for *in camera* review of the Valuation Email on March 16, 2009.

**claims that this was a violation of Federal Rule of Civil Procedure 26(b)(5)(B), which prohibits a party from using or disclosing any information that is subject to a claim of privilege after being notified of the claim by the producing party.**

**In contrast, Humana did not notify PCP that it believed the 50/50 Email or the Valuation Email were subject to the attorney-client privilege until <u>after</u> PCP used those documents in support of its motion for sanctions. Nevertheless, Humana contends that this was a violation of Florida Rule of Professional Conduct 4-4.4(b) because PCP should have been on notice that those documents were privileged.**

### III.     <u>LEGAL FRAMEWORK FOR ANALYSIS</u>

**The legal standards governing the propriety of PCP's use of arguably privileged materials differ depending on whether Humana notified PCP of the disclosure – as it did in the case of the "Print and Purge Email" and the "Wilson Email" – or whether Humana failed to notify PCP of the disclosure – as it did in the case of the "Valuation Email" and the "50/50 Email."**

**If documents produced in discovery are subject to a claim of privilege, the Federal Rules of Civil Procedure provide that**

> the party making the claim must notify any party that received the information of the claim and the basis for it. *After being notified*, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim of privilege is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

Fed. R. Civ. P. 26(b)(5)(B) (emphasis added). The Advisory Committee Notes further state that

> no receiving party may use or disclose the information pending resolution

> of the privilege claim. . . .  In presenting the question [of whether the information is privileged], the party may use the content of the information only to the extent permitted by the applicable law of privilege, protection for trial-preparation material, and professional responsibility.

Fed. R. Civ. P. 26, advisory committee's note (2006).

Even if the producing party does not expressly notify the receiving party that it disclosed materials subject to a claim of privilege, the Rules Regulating the Florida Bar mandate that

> a lawyer who receives a document relating to the representation of the lawyer's client and knows or reasonably should know that the document was inadvertently sent shall promptly notify the sender

Florida Rule of Professional Conduct 4-4.4(b).

This Court has held that "'[d]isqualification of a party's chosen counsel is an extraordinary remedy and should be granted sparingly.'" *Great Am. Ins. Co. v. Gen. Contractors & Constr. Mgmt., Inc.*, No. 07-21489-CIV-UNGARO, 2008 WL 1994857, at *3 (S.D. Fla. May 6, 2008) (quoting *Cunningham v. Appel*, 831 So.2d 214, 215 (Fla. 5th DCA 2002)).  While there is "no requirement that prejudice be shown" as a result of a law firm's receipt of privileged material, *Atlas Air, Inc. v. Greenberg Traurig, P.A.*, 997 So. 2d 1117, 1118 (Fla. 3d Dist. Ct. App. 2008) (Rothenberg, J., concurring), the cases are clear that the fact that the moving party is not required to show actual prejudice does not equate to a rule of automatic disqualification for inadvertent disclosures.  *See Applied Digital Solutions, Inc. v. Vasa*, 941 So. 2d 404, 408 (Fla. 4th Dist. Ct. App. 2006).  Rather, the Court must exercise its sound discretion in determining, based on the facts of each case, whether disqualification is appropriate, considering the "actions taken by the receiving lawyer or law firm," *Atlas Air*, *supra*.; and, notably, whether the receiving lawyer or law firm received an "informational advantage" as a result of its receipt of

privileged material.  See *Whitener v. First Union Nat'l Bank of Florida*, 901 So. 2d 366 (Fla. 5th Dist. Ct. App. 2005).

   III.   ANALYSIS

As stated in this Court's prior Order Regarding Documents Submitted for *In Camera* Review, three of the four attorney-client communications that Humana claimed to be privileged were either not privileged *ab initio*, or had lost their privileged status based upon the disclosure of their contents.  The undersigned will briefly describe the circumstances surrounding each of the emails in turn below:

The Wilson Email, as PCP concedes, is clearly a privileged document.  However, as explained in detail in this Court's Order Regarding Documents Submitted for *In Camera Review*, the "foundational matters" used by Humana in describing the document on its privilege log – including the date, recipient list and general subject matter of the email – are not privileged.  Humana notified PCP of its claim that the Wilson Email was privileged before PCP filed its motion for sanctions.  For the reasons stated in this Court's Order Regarding Documents Submitted for *In Camera* Review, the undersigned finds, contrary to Humana's assertions, that PCP did not "use or disclose" the substance of the Wilson Email implicitly or otherwise, but merely identified those aspects of the document that were disclosed to it in Humana's privilege log.

The Print and Purge Email, in its entirety, is a privileged document.  However, as explained in detail in  this Court's Order Regarding Documents Submitted for *In Camera Review,* Humana waived the privilege by describing to PCP the events depicted in the Print and Purge Email.  Humana notified PCP of its claim that the Print and Purge Email was privileged before PCP filed its motion for sanctions.  PCP redacted the contents of the email consisting of communications to and from Humana's counsel and cited an

9

exchange in the email chain between two Humana employees.  Though Humana is correct to point out that the better course would have been not to use any portion of the email chain until the privilege claim was resolved by the Court, Humana acknowledged at the April 3, 2009 hearing that the error is innocuous.  The Print and Purge Email was used to complete the picture of the print and purge scheme, which had already been disclosed by Humana; and, it was used for a limited purpose to illustrate the obvious fact that Humana's print and purge strategy yielded less-than-perfect results.  This document has no impact on the underlying claims and defenses at issue in this case; and, the employee that it pertains to has filed an affidavit that renders the content of the Print and Purge Email entirely irrelevant for any purpose.

At the time that PCP cited the Valuation Email in its motion for sanctions, it had no reason to believe that the document was privileged or inadvertently disclosed.  *See* Florida Rule of Professional Conduct 4-4.4(b).  The email did not contain a notation identifying it as a privileged attorney-client communication, even though other emails sent from or received by Ralph Wilson, Humana's in-house counsel, were so marked.  As explained in this Court's Order Regarding Documents Submitted for *In Camera* Review, Humana has yet to established that this email was conveyed with the primary intent of giving or receiving privileged legal advice, as opposed to unprivileged business advice; and, even though this document may have been identified in a seven-month old privilege log provided in connection with a separate round of document production, PCP cannot be expected to have realized that the Valuation Email was subject to the attorney-client privilege, since that Humana did not request that it be returned and it even took Humana three weeks from PCP's citation of the email in its motion for sanctions –  from February 17, 2009 until March 4, 2009 – to identify the email as privileged.

**Although the 50/50 Email was privileged for the reasons discussed in this Court's Order Regarding Documents Submitted for *In Camera* Review, due to a clerical error committed by one of Humana's clerks or paralegals, this document was neither withheld from production nor placed on a privilege log. And, while in ordinary circumstances, the fact that the email contained a notation that it was a privileged attorney-client communication *might* be sufficient to cause PCP's counsel to question whether it was inadvertently produced,[5] this is not a case involving ordinary circumstances. Rather, this lawsuit is based on alleged conduct that violates the terms of a confidentiality agreement; thus, as PCP explains in its brief, there are over 150 documents that do not appear on Humana's privilege log even though they contain had some notation identifying them as privileged attorney-client communications. In sum, given the context in which this document was produced, including the fact that it was produced one month prior to trial among 10,000 pages of documents (and among more than 150 documents marked as privileged) and the fact that Humana neither listed it on a privilege log nor requested that it be returned, the undersigned finds that PCP had no reason to believe that the 50/50 Email was inadvertently produced such that PCP had an obligation to refrain from citing it in its motion for sanctions. *See* Florida Rule of Professional Conduct 4-4.4(b).**

**The appropriate remedy for PCP's use of the 50/50 Email in its motion for sanctions is to strike it from the motion; require PCP to return the document to Humana;**

---

[5] *See Schwab v. Sears, Roebuck & Co. (In re Derienzo)*, 1998 Bankr. LEXIS 635, at * 18 (Bankr. M.D. Pa. Apr. 28, 1998) (holding that notations on documents stating that the documents were "subject to attorney-client privilege . . . had relatively little impact upon the Court because those documents were reviewed for the substance of the communication rather than their form in making a determination as to which documents were subject to the attorney-client privilege.").

and not use or disclose the information contained therein. This is what PCP is required to do pursuant to this Court's Order Regarding Documents Submitted for In Camera Review. Humana's request to disqualify PCP's counsel based on his receipt of documents that were inadvertently disclosed to him based on Humana's own discovery oversights, omissions and errors is not well taken. PCP's counsel acted reasonably under the circumstances and has gained no "informational advantage" that could possibly be used in a manner prejudicial to Humana. The Court did not consider the 50/50 Email in ruling on PCP's motion for sanctions; and, moreover, as Humana asserted in its response to PCP's motion for sanctions, this email "related to the first potential acquisition of [PCP] in 2006, not the subsequent potential transaction underlying this case" (DE # 163 at 14). It is, accordingly,

**ORDERED AND ADJUDGED** that Defendant's Motion to Strike Plaintiffs' Use of Inadvertently Produced Emails and to Disqualify Counsel (DE # 162) is **DENIED**. Defendant's request that the Court require Plaintiffs to return the privileged emails and its request that the Court disregard the portions of PCP's motion for sanctions that rely on the privileged emails are moot pursuant to this Court's prior Orders (DE ## 198, 199); and, Defendant's request that Plaintiffs' counsel be disqualified from this case as a sanction is denied for the reasons set forth above.

**DONE AND ORDERED** in chambers in Miami, Florida on April 10, 2009.

_Andrea M. Simonton_
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable Ursula Ungaro, United States District Judge
All counsel of record